# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ALI NAZARI,**

      **Petitioner,**

**v.**                                              **No. 1:26-cv-00600-SMD-GJF**

**GEORGE DEDOS,** *et al.*,

      **Respondents.**

## <u>ORDER</u>

THIS MATTER is before the Court on Petitioner Ali Nazari's Petition for Writ of Habeas Corpus (Doc. 1). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Petition is GRANTED.

## BACKGROUND

Petitioner is a 29-year-old Iranian citizen who entered the United States on February 13, 2025. Doc. 1 ¶¶ 16, 33. He was apprehended and issued a Notice to Appear charging him as an immigrant not in possession of valid entry documents under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id.* ¶ 33. On October 15, 2025, an Immigration Judge found Petitioner inadmissible but granted him Withholding of Removal to Iran under INA § 241(b)(3) and the Convention Against Torture. *Id.* ¶ 35; *see* Doc. 1-1. Both parties waived appeal, and the order became administratively final under 8 C.F.R. § 1241.1. Doc. 1 ¶ 36. Petitioner has remained in Immigration and Customs Enforcement custody since February 2025 and is currently detained at Cibola County Correctional Center in Milan, New Mexico. *See id.* ¶ 38.

On February 27, 2026, Petitioner filed his Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Doc. 1.  Petitioner challenged his detention as a violation of the 8 U.S.C. § 1231(a)(6), his Fifth Amendment due process rights, and the Administrative Procedures Act. *See id.* ¶¶ 79–93.

On March 9, 2026, Respondents filed their Response to Petition and Motion to Dismiss Without Prejudice.   Doc. 11.   Respondents argued that Petitioner's detention remained presumptively reasonable as only five months had elapsed since the order of removal became final. *See id.* at 4–5.  Respondents further argue that Petitioner's APA claim fails because habeas corpus is generally the only vehicle for challenges pursuant to immigration statutes and the APA is only available for final agency action for which there is no other adequate remedy in court.  *See id.* at 5–6.

Petitioner filed his Reply on March 12, 2026.  Doc. 12.  On April 22, 2026, Respondents filed a supplemental response, acknowledging that Petitioner had been detained for more than six months following the issuance of the final order of removal and responding with evidence of efforts by the Department of Homeland Security to identify a third country of removal.  *See* Doc 14.

As of the date of this Order, Petitioner has been detained for 238 days pursuant to a final order of removal and for 482 days total.  During this time, Respondents have not been able to obtain documents to remove Petitioner to a third country.

## DISCUSSION

This Court has jurisdiction under 8 U.S.C. § 2241 to consider habeas challenges to immigration detention.  Under 8 U.S.C. § 1231(a)(1), the government has a 90-day period—called

the "removal period"—in which to remove an alien after a removal order becomes final. If the government is unable to effect removal within the 90-day removal period, continued detention becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered and indefinite detention is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700–01. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely that Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id.* at 701. "[F]or the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months. *Id.* After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing. *Id.* If the Government can establish a significant likelihood of removal in the reasonably foreseeable future, detention is lawful. Otherwise, the Government can keep tabs on the noncitizen through reasonable conditions of supervision while it continues removal efforts.

Petitioner has been in custody since February 2025, and has been subject to a final order of removal in October 2025. Once Petitioner became subject to an administratively final order of

removal, the authority for his detention fell under 8 U.S.C. § 1231(a).  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021).   The six-month period for presumptively reasonable detention expired in April 2026.

Petitioner plausibly alleges that his removal is not reasonably foreseeable because he cannot be returned to Iran, and Respondents have not shown a third country willing to accept him. *See* Doc. 12 at 7.  The burden therefore shifts to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  According to the declaration of Deportation Officer Samuel Romero, Canada and the Netherlands declined to accept Petitioner in June 2025.  Doc. 14-1 ¶¶ 9– 10.  In March 2026, DHS ERO requested assistance in identifying a third country of removal.  *Id.* ¶ 14.  In the seven months since the final order of removal issued, Respondents have not identified any other potential country of removal.   Respondents have not provided a legal basis for Petitioner's continued detention.  Petitioner is therefore entitled to relief pursuant to § 2241.

**CONCLUSION**

It is hereby ORDERED:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Within 48 hours of this Order being entered, Respondents shall release Petitioner and provide him with appropriate identification, discharge, and travel documents;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or

other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Motion for and Memorandum in Support of Temporary Restraining Order (Doc. 2) is **DENIED** as moot, as the relief requested therein is already provided by this Order granting the Petition;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

IT IS SO ORDERED.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**